UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD MARNELL,<br><br>               Petitioner,<br><br>   vs.<br><br>SUSAN CONNELL, Superintendent,<br>Oneida Correctional Facility,<br><br>               Respondent. | No. 9:07-cv-00453-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Howard Marnell, a state prisoner appearing *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Marnell is currently in the custody of the New York Department of Correctional Services, incarcerated at the Oneida Correctional Facility. Respondent has answered and Marnell has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

      Following a guilty plea, Marnell was convicted in the Onondaga County Court of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)). The Onondaga County Court sentenced Marnell to an indeterminate prison term of 15 years to life. The Appellate Division, Fourth Department, affirmed the conviction, and the New York Court of Appeals denied leave to appeal.[1] Marnell does not challenge his conviction in these proceedings.

      In May 2005 the New York State Parole Board denied Marnell parole. Marnell, proceeding *pro se*, filed an Article 78 petition in the Albany County Supreme Court, which the

---

[1] *People v. Marnell*, 483 N.Y.S.2d 496 (N.Y.A.D. 1984), *lv. denied*, 476 N.E.2d 1037 (N.Y. 1985) (Table).

Albany County Supreme Court denied in a reasoned opinion.[2]  The Appellate Division, Fourth Department, affirmed in a reasoned decision, and the New York Court of Appeals denied leave to appeal on March 22, 2007.[3]  Marnell timely filed his petition for relief in this Court on April 24, 2007.

## II.  GROUNDS RAISED/DEFENSES

In his petition Marnell claims that by failing to provide him with a fair and individualized parole release hearing, the Parole Board violated:  (1) the Due Process Clause of the Fourteenth Amendment; and (2) the Double Jeopardy Clause of the Fifth Amendment.  Respondent does not assert any affirmative defenses.[4]

## III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]  The Supreme Court has explained that "clearly

---

[2] Docket No. 8-10.

[3] *Matter of Marnell v. Dennison*, 824 N.Y.S.2d 812 (N.Y.A.D. 2006), *lv. denied*, 865 N.E.2d 843 (N.Y. 2007) (Table).

[4] *See* Rules—Section 2254 Cases, Rule 5(b).

[5] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[9] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[10] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[11] Marnell "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[12]

---

[6] *Williams*, 529 U.S. at 412.

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[11] *See Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

In applying this standard, this Court reviews the last reasoned decision by the state court.[13] In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14]

## IV.  DISCUSSION

Ground 1:  Due Process.

Marnell specifically alleges that his due process rights were violated by the fact that in denying him parole the Parole Board was implementing a "no parole policy," under which denial of parole was predetermined, the Parole Board failed to consider each element of the statutory criteria for parole, and the hearing was conducted by a single Commissioner.  The Appellate Division rejected Marnell's position, holding:

> Contrary to petitioner's contention, the Board's decision denying his request for parole release does not exhibit " 'irrationality bordering on impropriety' " (citations omitted).  The record reflects that the Board took into account the appropriate statutory factors in rendering its determination, including petitioner's excellent disciplinary record, positive institutional and educational achievements, and postrelease plans (citations omitted).  Although the Board emphasized the violent nature of the instant offense, it was not required to give each factor equal weight (citations omitted).
>
> Petitioner's remaining contentions, including his claims that the denial effectively constitutes resentencing and that it was made in accordance with an unwritten executive policy to deny parole release to violent felons, have been reviewed and determined to be without merit.[15]

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a

---

[13] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[15] *Marnell*, 824 N.Y.S.2d at 813.

sentence.[16] The fatal flaw in Marnell's due process argument is that, under controlling Second Circuit precedent, New York's parole scheme does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.[17]

Even if the Court were to reach the merits on Marnell's due process claim, Marnell would not prevail. The New York parole scheme provides for a review of the inmate's file, a personal interview by the Board, and a statement of its reasons for denying parole.[18] This scheme meets the requirements of due process.[19] The heart of Marnell's claim is that the board disregarded everything that he has done since his crime and focused only on the crime committed in 1982. Marnell reasons that he was convicted of second-degree murder, not first-degree murder, and sentenced to fifteen years to life, not life without possibility of parole. Yet, if the board continues to deny parole based solely upon the facts of his commitment conviction, which will never change, he in effect will do life without possibility of parole with the additional pain of seeking parole every two years only to be denied. Marnell makes a serious challenge to parole board denials of parole to second-degree murderers who have served their minimal term based solely on the fact of the underlying crime without some basis in the decision for distinguishing between those who commit violent crimes and are paroled and those who are not. The flaw in Marnell's argument is that the Supreme Court has never upset a state parole board decision denying parole based solely upon the facts of the predicate crime. Nor has the Supreme Court ever directed

---

[16] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[17] *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *see also Davis v. Dennison*, 219 Fed.Appx. 68, 70 (2d Cir. 2007).

[18] N.Y. Exec. Law §§ 259-i; 9 N.Y. Comp. Codes & Regs. § 8002.3.

[19] *See Greenholtz*, 442 U.S. at 15.

lower federal courts to review the facts of all second-degree murder parole decisions within a jurisdiction in order to entertain a challenge to the denial of one request for parole.  Further, as noted above, the Second Circuit has made it clear that New York has not established a liberty interest protected by the Fifth Amendment Due Process Clause in early parole.  While this Court understands Marnell's frustration, he must look to the New York legislature and the New York courts for a remedy.  There is none available in this Court.  Marnell is not entitled to relief under his first ground.

      Ground 2:  Double Jeopardy.

The Double Jeopardy Clause of the Fifth Amendment is made applicable to the states by the Due Process Clause of the Fourteenth Amendment.[20]  It follows, *a fortiori*, that there being no liberty interest protected by the Due Process Clause, there can be no violation of the Double Jeopardy Clause.  Furthermore, the Double Jeopardy Clause does not apply to parole proceedings.[21]  Marnell is not entitled to relief under his second ground.

### V.  CONCLUSION AND ORDER

Having failed to raise a federal constitutional issue, Marnell is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[20] *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

[21] *Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir. 1983).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[22]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated: April 13, 2010.

                                                              /s/ James K. Singleton, Jr.
                                                               JAMES K. SINGLETON, JR.
                                                              United States District Judge

---

[22] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).